IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES J. KAGIGEBI,

          Plaintiff,                       ORDER

     v.                                  11-cv-395-bbc

LT. KURT BARTHEL, DEPUTY SUNDERLAND,
DEPUTY WHITE, DEPUTY PETERSON,
DEPUTY SAJDERA, DEPUTY ORMSON,
DEPUTY HODGKINSON, DEPUTY AMUNDSON,
DEPUTY MIROSLAW and DR. MURRY,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Charles Kagigebi is proceeding in this action on his claims that defendants violated his rights under the Fourteenth Amendment by failing to provide him adequate mental health care and that defendants Barthel, Sunderland, White, Peterson, Sajdera, Ormson, Hodgkinson, Amundson, and Miroslaw subjected him to excessively harsh conditions of confinement. Defendants have responded to the complaint and a preliminary pretrial conference was held on October 7, 2011. Now plaintiff has filed a motion to dismiss this case.

1

When a motion for voluntary dismissal is filed after a defendant has filed an answer, Rule 41(a)(2) provides that the action may be dismissed by the plaintiff "only upon order of the court and upon such terms and conditions as the court deems proper." Because the defendants have been required to defend this action, I will grant plaintiff's motion for voluntary dismissal only on the condition that the dismissal is with prejudice, unless defendants agree to a dismissal without prejudice. If the defendants do not agree to a dismissal without prejudice, then plaintiff will have an opportunity to withdraw his motion.

ORDER

IT IS ORDERED that defendants may have until October 28, 2011, in which to advise plaintiff and the court whether they agree to dismissal of this action without prejudice. If defendants agree to such a dismissal, the clerk of court is directed to close this case. If defendants do not agree to such a dismissal, plaintiff may have until November 4, 2011, in which to withdraw his motion for voluntary dismissal or to advise the court that he has no objection to a dismissal with prejudice. If, by November 4, 2011, plaintiff fails to request withdrawal of his notice of voluntary dismissal, the clerk of court is directed to enter judgment dismissing this case with prejudice.

Entered this 21st day of October, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge